Good morning to each of you, and may it please the court. I'm Walter Peramore, known as Wally Peramore from the Eastern District of North Carolina, and I'm pleased to be here. I did not try this case and the case below. I did not handle the case. I'm just here on appeal. We appreciate your taking the appointment. It's my pleasure to help the court. Your Honor, this case is, and somebody might say, hey, he prepared a brief with a shotgun of issues, and when you're doing a case that you did not try, it's so hard to evaluate what was important. And so in this case, there are five separate issues and challenges that go along with the entire range of the case, pretrial motions, 404B issues, Rule 29 issues, and then an issue about sentencing and an issue about ineffective assistance of counsel. I would like to talk briefly first about the issue about sentencing and the procedural issue that was raised in the last argument to the court. Judge, this is one of those situations where in federal court, unlike most places, particularly in our district, we have the fact finder in a trial, the jury with a standard beyond reasonable doubt, and they return a verdict that we got 280 grams of cocaine base, and the minimum mandatory kicks in. And then later, after the pre-sentence report is prepared, we find that there is not 280 grams of cocaine base, but there are 275.31 grams of cocaine base. And so we got these two different fact-finding settings, one the destination for verdict, the other the destination for sentencing going to a district court judge. And in the district court judge's sentencing hearing, he incorporated the findings, even though they have been objected to, and they're preserved in the addendum to the pre-sentence report by the attorney in district court. We do have the objection about, hey, what's going on here? We got the pre-sentence writer who's got the documentation provided to him by the government, and then we got the jury verdict, and we have a conflict about whether we've met the minimum threshold here in this case. And that raises the issue, of course, we're in a preponderant standard there. There's no question about it at sentencing, no question about that at all. How does one court watch just at the end of its sentencing, in this case, incorporated a pre-sentence report that had 275.31 grams of cocaine, less than the amount that is required for a conviction of 280 and the minimum mandatory of 10 years to life? And so that is an issue, Judge, that I argued and am trying to present to the court, is the juxtaposition of the Rule 29 and the general argument in the court as the issue before this court that my client was most concerned about in communication with him. And I'd ask the court to very carefully consider that, because if you take it and you personalize the situation, you say, you got a guy sitting in a jail in the Eastern District of North Carolina waiting to be sentenced, he gets a pre-sentence report, and the pre-sentence report contains a figure in it which is not raises issues there about what can the court do in terms of sentencing. What under Booker and all the cases that have come after that, and cases in our circuit after that, it raises the issue about what is the appropriate sentence. Can the court go to the minimum mandatory and follow the verdict, or is the court required to do something different in terms of sentencing? And that's the situation that's here, and that's the reason that the appellant has asked for remand to the district court to be re-sentenced because of that error. And that's the first major issue in this case about the sentence in this case, at the back of this case. The other issue, Judge, is one which is very dear to my heart, and after being a lawyer for the state of North Carolina and the federal court in the Eastern District, and that is the effective assistance of counsel. And I've seen, as you can imagine, all different types of lawyers, and I've seen all different types of people have a good day and a bad day, but I've never seen, in 37 years of practice, when there are admissions made by a defendant in a very serious criminal case where he's looking at a life sentence, where counsel did not, in pretrial practice, as required by our rules, go and contest the admissibility of statements, contest whether the statements, and we don't even know from the record, we know nothing from the record about when, where any Miranda rights were given. We believe they were given twice, but we have nothing in the record to help us or to guide us about when this happened. And that famous exception to Miranda about spontaneous statements, we don't know whether they were spontaneous statements or not. And then we see in the record where when the first statement comes in through the first detective, Detective Weinhardt, counsel objects not because of Miranda or constitutional grounds, he objects because of relevance. Well, a statement of admission is the most powerful evidence in criminal court in this country. It leads to most of the convictions by pleas that we have. People make confessions, it's just a part of life, and it's a part of the way people are raised, and it's a part of our instinct. Mr. Parramore, you just, I appreciate that argument, but you started off that portion of the argument by saying that we don't know a lot of the First of all, whether counsel was ineffective, and second, if he was, whether there was any prejudice. So it seems a little bit premature to be considering this issue here today. I realize that. And I recognize the court has taught us that it is the alternative collateral method under 2255 where we talk about ineffective assistance of counsel. And that is the appropriate means for doing that in most situations. But in this case, and there are layers of evidence, and there's no reason to contest that. There are three people, accomplices, if you want to call them that, or people who made deals with the government to testify. There's other evidence of other types in this case. But the important thing, Your Honor, is this. The strongest evidence in every criminal case is if you have made a statement against you. And in this case, where the statements are, I'm a quarter man, I sell cocaine, I'm a man, and completely undergird the government's case against the appellate, there should have been pretrial challenges to this by counsel. It should have been done. But if we accept your argument that we effectively have to adopt a rule that says you must in every case, regardless of the circumstances, file a pretrial motion to challenge an alleged confession? Judge, I do not say that because in most cases our police, I mean, we don't try that many cases now like we did, and it's even gotten slimmer and slower. But in a case of this nature, when the defendant, when you can do a prediction on guidelines early on, which counsel do, and you talk to your client about that early on, you have a responsibility to go into every area of a case and investigate it. In some situations, you may see a complete miranda, you may see a video, you may say, hey, and show it to your client, I can't beat that. But are you saying that you believe we should adopt a rule that you have to challenge every confession? No, I do not believe you should adopt it. So there might be circumstances where they should. clear, and there are multiple witnesses to the waiver, and your client does not deny that he was, he did that, then there's no reason to say, hey, you've got to file a motion in every case. But in this case, we don't, there's nothing in the record that you have and that I have and the government has that really tells us what happened. That's right. So we can't decide it. Well, I disagree with you about that because you could send it back, the case, just for the purpose of having some type of someone, another counsel, to meet with the defendant and file motions and review the case. It's just that, Judge, I'm, you know, this kid's 32, he's got 360 months to serve, the government's got to pay all that money for him to be incarcerated for all that time. And in that situation, in that specific situation, there should be something on this record to show, you know, why those statements could be admitted into evidence, and there's nothing. I know, but we're only going to grant relief on that basis if the record, as it stands, is clear. If he wants a hearing and he wants testimony, that's what 2255 does. I understand what 2255 does, Judge, and I appreciate that. Because the other issue to me is of concern is, pro se, after getting beat up and probably getting a pre-sentence report and getting scared and seeing what he's going to have, he files a pro se motion for relief. Hey, Judge, I need a new lawyer. Okay. I don't know that the district court made sufficient findings about whether there was a conflict of interest where counsel and the defendant could not work together anymore. I can tell the court, having represented thousands of defendants in all these years, that the relationship you have with the client is the most sensitive relationship. I told somebody it's like a marriage. It goes up, it goes down. There are good days, there are bad days, particularly when you talk about these serious things. But the most important thing is there cannot be a conflict where there's no communication and the defendant does not trust his lawyer and respect him. If he cannot do that, then it is impossible for the criminal justice system to work. I always and other counsel that I work with, we always in the district court file motions to withdraw when we feel like there is a communication problem or other ethical issues that develop consistent with and we think about it, we talk to other lawyers about it, should I file this motion? It's not something that's done frivolously and it's serious. But here, Judge, in this specific situation, this court did not go into a deep enough examination of the conflict. What is the conflict? It's not developed, it's not in the record. But didn't he ask him what his problem was? He did ask him what his problem was. And I don't know that. And he explained it, but he did not. I don't know that counsel, when he was asked about it, explained it as carefully as it should have been explained about. We don't have a conflict, we can work together. He's just stunned by the jury verdict and the situation concerning the pre-sense report. That would have been a much better response. But Judge, those are the issues in this case which are, that run together, that are important in this case and affect this young man and his rights to a fair trial. There are, and I have to admit, there are different layers of evidence in this case, and the government is correct about that. And there were undercover buys and there were controlled buys with informant. There were over four, four B objections, there was alluding to a speed arrest, and there was other evidence that, you know, substantiated and corroborated the government's case. That's true. And that was battled out. I raised those issues to the court, because I had ethical responsibility to do so. But most important thing to me, Judge, and judges, and what's striking, so striking, is the difference between the 280 grams that was found by the jury and the 275 found by the district court at sentencing, which is of concern to my client. And then the situation regarding whether his counsel should have done more about affecting and litigating the motions, the admissions that came in, and then the relationship between the two, whether it was fractured to the point that it was impossible, impossible for them to work together. And judges, those were the showing, the showing I'd make to the court at this point. But it's a very serious case for my client. He's a young man. He's looking at serving close to 360 months in prison. And did he receive a fair shake in the district court? I'm not sure. But I'm not sure I have a duty to bring it to the court. Thank you very much. Thank you very much. Mr. Rogers. Good morning, may it please the court. My name is Joshua Rogers, and I represent the United States. I'll just briefly address some of the points defense counsels made this morning with respect to his argument that the district court did not do an adequate inquiry. That's not actually something he argued in his brief. In his brief, he said there was a conflict of interest that was based on a total lack of communication. When we look at the hearing, what's clear is the one thing that was definitely going on between the attorney and the client is communicating. We know that the defense attorney was at the probation interview. He told his client he was going to be stepping down at sentencing. Defendant offered suggestions for closing. He took them. The court rejected them. And defense counsel reviewed the PSR and prepared objections after consulting with the defendant. When we're looking at the standard review of abuse of discretion, the district court did not abuse its discretion in finding that there was not a breakdown in With respect to the ineffective assistance of counsel claim, appellate counsel said that there are circumstances where it's very clear that there's no reason to say we need to file a motion and there's nothing in the record to show this is one of those cases. This is essentially a concession that defendant hasn't conclusively established ineffective assistance. And therefore, that argument must fail. With regard to the PSR drug weight different being different than what the jury found beyond this court has stated that beyond establishing the maximum sentence, the jury's drug quantity determination doesn't place a constraint on a district court. There are sometimes differences. This is unusual where it actually went down, but it wasn't as if that nullified the jury's verdict. After the testimony trial, there was more than the PSR happened to find an amount a little bit lower than that doesn't nullify the jury's verdict. Outside of those responses to appellate counsel's argument here this morning, the government will rest on its briefs unless the court has any further questions. Okay. Thank you, Mr. Rogers. Thank you. More anything you'd like to add and reply. Appreciate again, you're undertaking representation. Mr. Ingram, I'll ask the clerk to adjourn court and then we'll come back to that in Greek counsel.
judges: William B. Traxler, Jr., Albert Diaz, Henry F. Floyd